10-471-ag
Ma v. Holder

BIA
Abrams, IJ
A088 380 292

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand ten.

PRESENT:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

SHOU CHENG MA,
> *Petitioner*,

v.                                          10-471-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent*.

_____

FOR PETITIONER:          Lewis Hu, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Keith I. McManus, Senior
                         Litigation Counsel; R. Alexander
                         Goring, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Shou Cheng Ma, a native and citizen of China, seeks review of a January 21, 2010, decision of the BIA affirming the July 23, 2008, decision of Immigration Judge ("IJ") Steve R. Abrams denying Ma's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shou Cheng Ma*, No. A088 380 292 (B.I.A. Jan. 21, 2010), *aff'g* No. A088 380 292 (Immig. Ct. N.Y. City July 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were not considered by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B);

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we lack jurisdiction to consider Ma's challenges to the IJ's denial of his applications for asylum and withholding of removal. Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirement that on appeal to the BIA, the alien must raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)). Here, Ma failed to challenge the IJ's denial of asylum or withholding of removal on appeal to the BIA. Thus, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of those forms of relief and the petition for review will be dismissed to this extent. *See* 8 U.S.C. § 1252(d)(1).

Substantial evidence supports the agency's conclusion that Ma failed to demonstrate a likelihood of torture upon his return to China. The harm Ma suffered in the past does not alone create a presumption that he will more likely than

3

not be tortured in the future. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir. 2004) (providing that CAT relief requires a showing of a future likelihood of torture, not only past torture). Moreover, as the agency found, there is no record evidence indicating that Ma will more likely than not be tortured if he returns to China. Following his initial abuse, Ma remained safe in China for nearly five years without incident, demonstrating that the Chinese government had no interest in torturing him. In addition, as the agency found, the Chinese government no longer has a motivation to torture Ma to obtain information about Falun Gong practitioners because Ma has not been head of his village since 2001, and has been outside of China since 2006, and thus has no first-hand knowledge about Falun Gong practitioners. Finally, Ma did not submit any particularized evidence demonstrating a likelihood that he will be tortured if, as he claims is likely, he is arrested in China for having spent time in the United States. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157-60 (2d Cir. 2005) (holding that beyond generalized country conditions reports stating that some Chinese prisoners have been tortured, an applicant for CAT relief must submit

4

particularized evidence demonstrating that he is likely to be subject to torture in Chinese prisons).  Thus, the record does not compel the conclusion that Ma established a likelihood of torture and the agency did not err in denying Ma's application for CAT relief.  *See Ramsameachire*, 357 F.3d at 185; *Mu Xiang Lin*, 432 F.3d at 157-60.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5